OPINION
{¶ 1} Appellant, Arlin Joseph Murphy, appeals from the February 14, 2003 judgment of the Lake County Court of Common Pleas, in which he was labeled a sexual predator and sentenced for sexual battery.
 {¶ 2} On June 14, 2002, appellant was secretly indicted on two counts of rape, felonies of the first degree, in violation of R.C.2907.02(A)(1)(b), and three counts of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4). He waived his right to be present at his arraignment and entered a plea of not guilty to the charges on June 28, 2002. On January 13, 2003, he withdrew his former not guilty plea and entered a plea of guilty to two counts of the lesser offense of sexual battery, in violation of R.C. 2907.03, felonies of the third degree. Upon motion of the state, the trial court entered a nolle prosequi regarding the remaining counts in the indictment.
 {¶ 3} The charges arose out of an occasion of sexual conduct that occurred between appellant and a family acquaintance and another incident of sexual conduct that occurred between appellant and a young girl who was babysitting for him.
 {¶ 4} A sentencing hearing was held along with a hearing pursuant to R.C. 2950.09 to determine whether appellant was a sexual predator. At the hearing, the trial court noted that appellant was twenty-six years old at the time of the offense. The court stated that appellant had no prior criminal record, but that the act involved multiple vicitms. One victim was nine years old, and the other was between eleven and thirteen years old. The court also indicated no drugs or alcohol were used to impair the victims.
 {¶ 5} In addition, the trial court stated that there "is no mental illness or mental disability, but there is a personality disorder quite obviously. [Dr. John Fabian ("Dr. Fabian")] has ruled out pedophilia in this case." The trial court found that as far as a demonstrated pattern of abuse, one of the victims, the eleven or thirteen year old, was approached by appellant on more than one occasion. Furthermore, the court indicated that there was a threat of shooting.[1]
 {¶ 6} The court proceeded to the sentencing portion of the hearing and stated that it: "* * * considered the victim impact statement * * * as well as letters in support of [appellant] * * *. [It] also considered the report of Dr. Fabian, the Court Psychologist. * * *
 {¶ 7} "In rendering sentence * * * [a]s far as felony factors to be weighed in every case, factors indicating the offense was More Serious, under [R.C.] 2929.12(B), I find the victim, victims, suffered [serious] psychological harm, I find the offender had a position of trust, I find the relationship with the victims did facilitate the offense.
 {¶ 8} "* * *
 {¶ 9} "Under factors indicating Recidivism is More Likely, under [R.C.] 2929.12(D), I find no genuine remorse.
 {¶ 10} "Under Less Likely, [R.C.] 2929.12(E), I find no prior delinquency adjudications, no prior convictions and I also find [appellant] had led a law-abiding life for a significant number of years.
 {¶ 11} "* * * I find there was a sex offense, sex offenses that occurred in this particular case. After weighing seriousness and recividism factors, prison is consistent with the purposes and principles of sentencing, the offender is not amenable to an available community sanction.
 {¶ 12} "I also find that the minimum sentence in this case would demean the seriousness of the offense, not adequately protect the public from future crime by the offender. I also find that the offender committed the worst form of the offense, offender poses the greatest likelihood of committing future crimes.
 {¶ 13} "I also find that in Count One, in which the maximum sentence will be imposed, five years to the Lorain Correctional Institution, that [appellant] took away the innocence of a nine year old girl. Through fear, through knowing ignorance of a nine year old girl.
 {¶ 14} "I find that sexual conduct did occur with a nine year old girl and that she suffered tremendous psychological implication from that as well as her family has which are ongoing to this date. * * * It would appear she would never have a normal relationship with a man for the rest of her life. Apparently doesn't even have a normal relationship with her loving father. That is the maximum sentence in Count One.
 {¶ 15} "* * * In Count Three, I will impose a sentence of one year to the Lorain Correctional Institution, that [is] to run concurrent with Count One * * *."
 {¶ 16} In an entry dated February 14, 2003, the trial court found by clear and convincing evidence that appellant was a sexual predator. In that same entry, the court sentenced him to a term of five years in prison for count one, sexual battery, and one year in prison for count three, sexual battery, with the sentences to run concurrently. Appellant timely filed the instant appeal and assigns the following as error:
 {¶ 17} "[1.] The trial court erred to the prejudice of [appellant] when it ordered a term of imprisonment by making findings under the applicable sentencing statute that were not supported by the record.
 {¶ 18} "[2.] The trial court erred by sentencing [appellant] to the maximum term of imprisonment on all charges.
 {¶ 19} "[3.] The trial court committed reversible error when it labeled [appellant] a sexual predator against the manifest weight of the evidence.
 {¶ 20} "[4.] The trial court erred when it sentenced [appellant] to a maximum and more than the minimum sentence based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to [a] trial by jury."
 {¶ 21} Under the first assignment of error, appellant alleges that the trial court erred when it imposed a prison term where its findings pursuant to R.C. 2929.12 were not supported by the record.
 {¶ 22} Our review of a felony sentence is de novo under R.C. 2953.08.State v. Perry (Mar. 29, 2002), 11th Dist. No. 2000-L-166, 2002 WL 479856, at 1. A trial court's sentencing will not be disturbed on appeal absent clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law. Id.
 {¶ 23} R.C. 2929.12 provides a general list of factors the trial court must consider in deciding the seriousness of the conduct or whether an offender posed the greatest risk of recidivism. In determining if an appellant committed one of the worst forms of the offense, the court must consider if the physical or mental injury suffered by the victim due to the offender's conduct was exacerbated because of the age of the victim or if the victim suffered serious physical, psychological, or economic harm or if the offender's relationship with the victim facilitated the offense. R.C. 2929.12(B)(1), (2), and (6). In ascertaining if an appellant posed a risk of recidivism, the court must verify whether the appellant was on parole or probation at the time of the offense, whether he showed genuine remorse for the offense, and whether he had pleaded guilty to or been convicted of a prior criminal offense. R.C.2929.12(D)(1), (2), and (5). See, also, R.C. 2929.12(E)(2) and (5).
 {¶ 24} Here, in considering R.C. 2929.12(B), again, the trial court stated that: "* * * under [R.C.] 2929.12(B), I find the victim, victims, suffered [serious] psychological harm, I find the offender had a position of trust, I find the relationship with the victims did facilitate the offense." Thus, it is our view that there were sufficient findings pursuant to R.C. 2929.12(B), which were supported by the record. With repsect to R.C. 2929.12(C), the trial court indicated on the record that none of the factors were present.
 {¶ 25} Furthermore, we note that the trial court stated on the record and in its judgment entry that it considered the record, oral statements, any victim impact statement and presentence report and/or drug and alcohol evaluation, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 26} However, appellant maintains that the trial court abused its discretion in imposing a prison sentence because such a decision was not supported by the record. Our reading of the record before us supports the trial court's decision to impose a prison term as opposed to community control sanctions. The trial court concluded that appellant was in a position of trust and that relationship facilitated the offense. The trial court also found no genuine remorse on appellant's part and concluded that even though appellant had no prior delinquency adjudications and led a law-abiding life for a significant period of time, a minimum sentence would demean the seriousness of the offense and not adequately protect the public from future crime. As a result, we conclude that the trial court did not abuse its discretion in imposing a prison term rather than community control sanctions. Appellant's first assignment of error lacks merit.
 {¶ 27} In the second assignment of error, appellant argues that the trial court erred when it sentenced him to the maximum term of imprisonment on all charges without following the mandates of R.C. 2929.12, R.C. 2929.13, and R.C. 2929.14(C).[2]
 {¶ 28} In order to sentence a defendant to the maximum term of incarceration, a trial court must make certain findings pursuant to R.C.2929.14(C). State v. Edmonson (1999), 86 Ohio St.3d 324, 328. Specifically, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329. Those criteria are as follows: (1) the offender committed the worst form of the offense; (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a major drug offender; and (4) the offender is a repeat violent offender. R.C. 2929.14(C).
 {¶ 29} Additionally, when the sentencing court wishes to impose the maximum sentence on a defendant, it must give its reasons. State v.Jones, 11th Dist. No. 2001-L-176, 2003-Ohio-476, at ¶ 15. This court has held that "[a] sentence which merely recites the language of R.C.2929.14(C) without any consideration of the statutorily relevant factors is insufficient. * * * For meaningful review, the record must contain some indication, by use of specific operative facts, that the sentencing court considered the statutory factors [of R.C. 2929.19(B)(2)(d)] in reaching its determination." Perry, supra, at 2, citing State v. Kase
(Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 WL 682392.
 {¶ 30} The Supreme Court of Ohio has stated that a trial court must make the pronouncement at the sentencing hearing as to the imposition of a nonminimum sentence on a first time offender. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26. Hence, the trial court must make the required findings at appellant's sentencing hearing.
 {¶ 31} To determine if an offender committed the worst form of an offense, the trial court should consider the totality of the circumstances. State v. Garrard (1997), 124 Ohio App.3d 718, 722. As mentioned in the first assignment of error, R.C. 2929.12 provides a non-exclusive list of factors to consider in determining whether the defendant committed the worst form of the offense, and also if the defendant is likely to be a repeat offender. The findings under this section have been previously recited, and it is our view that the court's conclusions were supported by the record. Appellant committed sexual battery against two young girls when they were less than thirteen years old. Again, the trial court specifically stated that:
 {¶ 32} "[appellant] took away the innocence of a nine year old girl. Through fear, through knowing ignorance of a nine year old girl.
 {¶ 33} "I find that sexual conduct did occur with a nine year old girl and that she suffered tremendous psychological implication from that as well as her family has which are ongoing to this date. * * * It would appear she would never have a normal relationship with a man for the rest of her life. Apparently doesn't even have a normal relationship with her loving father. That is the maximum sentence in Count One."
 {¶ 34} It is clear from the foregoing colloquy that the trial court explained its reasons at the hearing for imposing the maximum sentence. With respect to the court's finding that appellant poses the greatest likelihood of committing future crimes, the court found that appellant has not shown any genuine remorse for his acts, but rather, according to his psychological evaluation continues to make excuses for the sexually abusive acts. As this court has previously held, the trial court is in a better position to determine whether an appellant's remorse is genuine.State v. Eckliffe, 11th Dist. No. 2001-L-105, 2002-Ohio-7136, at ¶ 32
 {¶ 35} We conclude that the record supports the imposition of the maximum sentence, and that appellant was sentenced in accordance with law. It is our position that the trial court made the statutorily mandated findings in accordance with R.C. 2929.14(C), and that the trial court explained its reasons for the sentence as required by R.C.2929.19(B)(2)(d). Appellant's second assignment of error is meritless.
 {¶ 36} For his third assignment of error, appellant asserts that the trial court erred when it labeled him a sexual predator because the decision was against the manifest weight of the evidence.
 {¶ 37} We do not apply a de novo standard of review when reviewing a sexual predator determination; instead, we examine whether the trial court's determination was against the manifest weight of the evidence.State v. Davis (Apr. 19, 2002), 11th Dist. No. 2000-L-190, 2002 WL 603061, at 2. In determining whether an offender should be classified as a sexual predator, the trial court may use reliable hearsay such as a presentence investigation report or victim impact statement as the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. State v. Cook (1998), 83 Ohio St.3d 404, 425.
 {¶ 38} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine by clear and convincing evidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b).
 {¶ 39} In making a sexual predator determination, the trial court must identify the factors under R.C. 2950.09(B)(2)(a)-(j) that support its determination. State v. Strickland (Dec. 22, 2000), 11th Dist. No. 98-L-013, 2000 WL 1876587, at 2. "These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct." State v. Swank (Dec. 21, 2001), 11th Dist. No. 98-L-049, 2001 WL 1647224, at 5.
 {¶ 40} Moreover, when reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 41} The trial court does not need to find that a majority of the R.C. 2950.09(B)(2) factors to support a sexual predator determination; rather, an appellant may be so adjudicated even if only one or two of the factors are present as long as the totality of the circumstances provides clear and convincing evidence that the appellant is likely to commit a sexually oriented offense in the future. State v. Cowoski, 11th Dist. No. 2001-L-209, 2002-Ohio-6703, at ¶ 9.
 {¶ 42} In the case at bar, the record includes clear and convincing evidence that several of the factors set forth in R.C. 2950.09(B)(2), which the trial court considered, apply to appellant. At appellant's hearing, the trial court specifically discussed the factors. The trial court noted that appellant was twenty-six years of age at the time of the offense. The trial court observed that appellant had no prior criminal record and referenced that appellant has a personality disorder. The court considered that the offense involved multiple victims, one was nine and the other was between eleven and thirteen. Even though appellant was not previously convicted of a sexually oriented offense and no drugs or alcohol were involved, the incidents occurred under circumstances in which appellant was in a position of trust. The trial court also found that as far as a demonstrated pattern of abuse, one of the victims, the eleven or thirteen year old, was approached by appellant more than once and there was a threat of shooting. Finally, the court indicated that it considered the presentence report, the victim impact statements, and the psychological evaluation of Dr. Fabian.
 {¶ 43} After reviewing the record and weighing the evidence and all reasonable inferences therefrom, we cannot conclude that the trial court lost its way. While the psychological evaluation from Dr. Fabian revealed that appellant would be at a low risk to reoffend, it is our position that the totality of the circumstances support the trial court's conclusion that appellant was a sexual predator. Therefore, based upon a review of the record, we cannot conclude that the trial court erred by classifying appellant as a sexual predator. Appellant's third assignment of error has no merit.
 {¶ 44} In appellant's fourth assignment of error, he claims his constitutional rights were violated because he was given the maximum sentence and more than the minimum based on findings of fact that appellant did not admit to and were not found by a jury.
 {¶ 45} According to Apprendi v. New Jersey (2000), 530 U.S. 466, 490, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) However, when a defendant pleads guilty, the state is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial fact finding. Id. at 488.
 {¶ 46} The United States Supreme Court followed this rule in Blakelyv. Washington (2004), 124 S.Ct. 2531. In Blakely, the defendant pleaded guilty to kidnapping involving the use of a firearm, a class B felony. In the state of Washington, the statutory maximum for a class B felony is ten years. Yet, other provisions of Washington's law limited the range of sentences a judge could impose. Hence, the "standard" statutory range for the offense the defendant was convicted of was forty-nine to fifty-three months. Although the guidelines set forth the "standard" sentence, a court could increase the "standard" sentence if it found any of a non-exhaustive list of aggravating factors justifying the departure. InBlakely, the trial court determined the defendant acted with "deliberate cruelty" and imposed a ninety-month sentence, which was a thirty-seven month upward departure from the "standard."
 {¶ 47} The United States Supreme Court reversed the sentence holding that the "statutory maximum" for Apprendi purposes is not the longest term a defendant can receive under the circumstances. Id. at 2537. The Court emphasized that the "statutory maximum" is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the juryverdict or admitted by the defendant." Id. (Emphasis sic.)
 {¶ 48} Here, appellant was convicted on two counts of sexual battery, felonies of the third degree. Appellant's plea reveals that he agreed to a sentence anywhere from one to five years of imprisonment for each count. The trial court imposed a term of five years for one count and one year for the other count to run concurrently.
 {¶ 49} R.C. 2929.14(B) states:
 {¶ 50} "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 51} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 52} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 53} R.C. 2929.14(C) states that: "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 54} In the case sub judice, appellant was neither serving a prison term at the time of the offense nor had he served a previous prison term. Thus, to support an upward departure from the statutorily minimum one year sentence, the trial court stated: "* * * the minimum sentence in this case would demean the seriousness of the offense [and] not adequately protect the public from future crime by the offender." The trial court also stated on the record that it found that appellant committed the worst form of the offense and that he posed the greatest likelihood of recidivism.
 {¶ 55} Appellant contends the statute prescribes a one-year term of imprisonment as long as he was not serving a prison term at the time of the offense or had not previously served a prison term. To overcome this presumption, the court must engage in a fact-finding process. The facts permitting the upward departure, however, were neither admitted by appellant nor charged in the indictment; by implication, the R.C. 2929.14(B) and (C) facts were not reflected in the judgment. Appellant concludes R.C. 2929.14(B) and (C) violate Blakely and, therefore, he is entitled to a one-year sentence.
 {¶ 56} Appellant's argument suggests that Blakely acts to completely eliminate sentencing discretion. Yet, Blakely, supra, at 2540, indicates that a sentencing judge may exercise his or her discretion to the extent that doing so does not impinge upon the "jury's traditional function of finding the facts essential to lawful imposition of the penalty." Due Process "requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged." Patterson v. New York (1977), 432 U.S. 197, 210. As a criminal defendant has never enjoyed a Sixth Amendment right to jury sentencing, the penalty phase of a criminal trial does not implicate the full panoply of rights guaranteed by due process. See State ex rel. Masonv. Griffin, 104 Ohio St.3d 279, 2004-Ohio-6384, at ¶ 15-16. Thus, judicial fact-finding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable doubt components of the Fifth and Sixth Amendments. Harris v.United States (2002), 536 U.S. 545, 558.
 {¶ 57} We note that "[l]egislative bodies do not have the unfettered discretion to lessen the government's burden of proof of a criminal charge simply by characterizing a factor as a penalty consideration rather than an element of the offense." United States v. Rigsby (1991),943 F.2d 631, 641. However, not every fact with a bearing on sentencing must be found by a jury. Jones v. United States (1999), 526 U.S. 227, 248. Since the inception of sentencing ranges, judges have regularly considered uncharged factors, whether aggravating or mitigating, that, while increasing the defendant's punishment, have not transcended the limits of the specified punishment under the law. Harris, supra, at 562.
 {¶ 58} "`* * * Where the law permits the heaviest punishment, on a scale laid down, to be inflicted, and has merely committed to the judge the authority to interpose its mercy and inflict a punishment of a lighter grade, no rights of the accused are violated though in the indictment there is no mention of mitigating circumstances. The aggravating circumstances spoken of cannot swell the penalty above what the law has provided for the acts charged against the prisoner, and they are interposed merely to check the judicial discretion in the exercise of the permitted mercy. This is an entirely different thing from punishing one for what is not alleged against him.'" Harris, supra, at 561-562, citing Bishop, Criminal Procedure, section 85, at 54.
 {¶ 59} Because the factors in question fit within this description, the General Assembly's choice to entrust them to the judge does not improperly trespass on a defendant's Sixth Amendment right to a jury trial. Id.
 {¶ 60} The General Assembly has made it clear that the R.C.2929.14(B)(2) and (C) findings in question are sentencing factors. Through the guidance of certain statutorily denoted "aggravating" circumstances, the court sentenced appellant to five years on one count and a one year term on count three to run concurrently. For the foregoing reasons, it is our view that appellant is not entitled to have these facts charged, heard by a jury, and proved beyond a reasonable doubt.
 {¶ 61} It is further our position that the trial court followed Ohio's sentencing scheme and sentenced appellant to a maximum term of five years of imprisonment for one count of sexual battery and one year for the other count of sexual battery, with the sentences to run concurrently. Ohio's sentencing scheme only authorized the trial court to sentence appellant to the maximum term because it also found that appellant committed the worst form of the offense and that the minimum sentence would demean the seriousness of the crime. Appellant's sentence therefore could be calculated without resolution of factual issues beyond the admitted facts. As applied to the matter at hand, Ohio's sentencing scheme is not unconstitutional in light of Apprendi and Blakely.
Appellant's fourth assignment of error is meritless.
 {¶ 62} For the foregoing reasons, appellant's assignments of error are not welltaken. The judgment of the Lake County Court of Common Pleas is affirmed.
Rice, J., concurs,
O'Neill, J., dissents with Dissenting Opinion.
[1] It is unclear whether this threat of shooting occurred with the eleven or thirteen year old involved here. The presentence report states that there was a report of menacing filed against appellant in May 2002, by a thirteen year old and her father. The report indicated that appellant engaged this girl in conversation and requested that she go to the mall safety garage with him. When she asked why, he indicated he was going to shoot her. However, in its February 14, 2003 judgment entry, the trial court notes that the presentence report references uncharged conduct contained in a police report in which appellant was alleged to have threatened to shoot a minor victim during an alleged encounter.
[2] We note that appellant was sentenced to the maximum term of imprisonment of five years on count one, but not on count three as his second assignment of error alleges.