OPINION
{¶ 1} Billy L. Reen ("Reen") appeals from the Ashtabula County Common Pleas Court's judgment entry of sentence. We affirm.
 {¶ 2} Reen was indicted on one count of burglary, R.C. 2911.12(A)(2), a second degree felony, and one count of theft, R.C. 2913.02(A), a fifth degree felony. Reen subsequently pleaded guilty to one count of burglary, R.C. 2911.12(A)(4), a fourth degree felony. The trial court dismissed the theft charge.
 {¶ 3} The matter proceeded to a sentencing hearing. The trial court sentenced Reen to eighteen months; the maximum possible term. Reen appeals from the judgment entry of sentence raising one assignment of error, "Judge Gary Leo Yost abused his discretion when he gave appellant an eighteen month prison sentence."
 {¶ 4} We review a felony sentence de novo. State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, Ohio App. LEXIS 2487. We will not disturb a sentence unless we find by clear and convincing evidence that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 5} R.C. 2929.14(C) provides in relevant part:
 {¶ 6} "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
 {¶ 7} The trial court must give its reasons for imposing a maximum sentence on the record at the sentencing hearing. State v. Newman,100 Ohio St.3d 24, 2003-Ohio-4754. In the instant case appellant argues the trial court failed to find one of the factors enumerated in R.C.2929.14(C). We disagree.
 {¶ 8} In support of the imposition of the maximum sentence, the trial court noted Reen's extensive criminal record as detailed in the pre-sentence report. The trial court also discussed the fact that Reen had previously served a term of imprisonment. The trial court then concluded Reen was at a high risk to re-offend. These findings demonstrate the trial court properly found Reen posed the greatest likelihood to commit future crimes as required by R.C. 2929.14(C). Thus, the trial court properly imposed the maximum sentence.
 {¶ 9} The dissent, citing Blakely v. Washington (2004), 124 S.Ct. 2531, argues Reen's sentence is unconstitutional.
 {¶ 10} Reen failed to raise the issue of the constitutionality of Ohio's sentencing scheme either before the trial court or in this appeal. However, the dissent, sua sponte, raises the issue. While unnecessary to the resolution of this appeal, we respond to the dissent's argument.
 {¶ 11} We first note Reen has waived his Blakely argument by failing to raise the issue before the trial court. State v. 1981 Dodge Ram Van
(1988), 36 Ohio St.3d 168, 170, ("The general rule is that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. Likewise, constitutional rights may be lost as finally as any others by a failure to assert them at the proper time.") (Internal quotations and citations omitted.)
 {¶ 12} App.R. 12(A) sets forth our power of review. While this rule grants us the discretionary power to decide issues not raised by the parties, the Ohio Supreme Court has held that a court of appeals abuses this discretion by addressing constitutional issues not raised or briefed by the parties. 1981 Dodge Ram Van, at 169-170, 171. If the court of appeals wishes to decide such an issue, the better practice is to permit the parties to brief it. Id. at 170.
 {¶ 13} We have freely granted parties leave to raise Blakely
challenges in pending appeals. See, e.g., State v. Taylor,158 Ohio App.3d 597, 2004-Ohio-5939, State v. Morales, 11th Dist. No. 2003-L-025, 2004-Ohio-7239. In the instant case, Reen did not seek leave to raise this issue nor did we give the parties an opportunity to brief it, therefore, we would abuse our discretion were we to decide this appeal based on Blakely.
 {¶ 14} As to the substantive issue raised in the dissent, the dissent argues Blakely prevented the trial court from imposing more than the minimum sentence. We have previously rejected this argument. See,Taylor, Morales, supra.
 {¶ 15} Finally, in imposing the maximum sentence the trial court relied, in substantial part, on the fact that Reen had a record of prior convictions. This fact led the trial court to conclude Reen posed the greatest likelihood of recidivism. R.C. 2929.14(C).
 {¶ 16} Blakely did not alter the rule announced in Apprendi v. NewJersey (2000), 530 U.S. 466, 490, that a trial court can impose a sentence of more than the statutory maximum based on the fact of a prior conviction.[1] Under Ohio's sentencing scheme the trial court may consider a defendant's record of prior convictions in determining the defendant poses the greatest likelihood of recidivism. R.C. 2929.12(D)(2). If the trial court determines the defendant poses the greatest likelihood of recidivism, the court may then impose the maximum sentence. Thus, under Ohio's sentencing scheme and in accord with Apprendi and Blakely,
the trial court may impose the maximum sentence on a defendant based on his record of prior convictions. The fact that Ohio's sentencing scheme requires the trial court to take the extra step of concluding the defendant's history of prior convictions means the defendant poses the greatest likelihood of recidivism does not violate the rule announced inBlakely, the determination is still based on the fact of a prior conviction.
 {¶ 17} Here, the trial court based its decision to impose the maximum sentence on Reen's history of prior convictions. Therefore, Blakely does not apply.
 {¶ 18} For the foregoing reasons the judgment of the Ashtabula County Court of Common Pleas is affirmed.
Grendell, J., concurs.
O'Neill, J., dissents with Dissenting Opinion.
[1] The Apprendi Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.