OPINION
{¶ 1} Defendant-appellant, Joseph J. Fatica ("Fatica"), appeals the judgment of the Lake County Court of Common Pleas sentencing him to twenty-four months imprisonment. For the following reasons, we affirm the lower court's judgment entry of sentence.
 {¶ 2} On March 1, 2004, Fatica was charged by information with one count of Breaking and Entering, a felony of the fifth degree in violation of R.C. 2911.13(A), one count Possession of Cocaine, a felony of the fifth degree in violation of R.C.2925.11, and one count of Vandalism, a felony of the fifth degree in violation of R.C. 2909.05(B)(2). The charges against Fatica arose from the January 5, 2004 break in at the Concord Tavern and from an incident on January 18, 2004, when Fatica damaged a Kirtland Police Department cruiser and was found in possession of cocaine. On March 5, 2004, Fatica entered a plea of guilty to all charges.
 {¶ 3} Fatica was sentenced on April 5, 2004. Fatica received twelve-month prison sentences for each count; the sentences for Breaking and Entering and for Vandalism to be served consecutively to each other, but concurrently with the sentence for Possession of Cocaine for an aggregate sentence of twenty-four months. Fatica was ordered to pay restitution to the adult parole authority on behalf of Thomas Salagovic, owner of the Concord Tavern, and on behalf of the City of Kirtland. Fatica's driver's license was also suspended for two years.
 {¶ 4} Fatica timely appeals and raises the following assignments of error:
 {¶ 5} "[1.] The trial court erred to the prejudice of the defendant-appellant when it ordered a term of imprisonment where its findings were not supported by the record.
 {¶ 6} "[2.] The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences.
 {¶ 7} "[3.] The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment on all charges.
 {¶ 8} "[4.] The trial court erred when it sentenced the defendant-appellant to consecutive, maximum sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 9} An appellate court reviews a felony sentence under a clear and convincing evidence standard of review. R.C.2953.08(G)(2). An appellate court may not disturb a sentence unless the court "clearly and convincingly finds" that "the record does not support the sentencing court's findings," or that "the sentence is otherwise contrary to law." R.C.2953.08(G)(2)(a) and (b). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.[1]
 {¶ 10} In his first assignment of error, Fatica broadly argues that the trial court's findings made "when sentencing him to twelve months imprisonment on each of the charges were not supported by the record."
 {¶ 11} When imposing a sentence for a fifth degree felony, the sentencing court "shall determine" whether any of the factors contained in R.C. 2929.13(B)(1)(a) through (i) apply. R.C.2929.13(B)(1). In the present case, the sentencing court found, and Fatica admits, that two of these factors apply: Fatica "previously had served * * * a prison term" and Fatica "committed the offense * * * while on probation [parole]." R.C.2929.13(B)(1)(g) and (h).
 {¶ 12} "If the court makes a finding described in division (B)(1)(a) [through] (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender." R.C.2929.13(B)(2)(a). In the present case, in addition to finding that R.C. 2929.13(B)(1)(g) and (h) are applicable, the sentencing court stated that it had "weigh[ed] the seriousness of the crime and recidivism factors [contained in R.C. 2929.12]" and "conclude[d] that a prison term is consistent with the purposes set forth in [R.C.] 2929.11." Moreover, the court found that Fatica "does not appear to be amenable to community control or any available community control sanctions."
 {¶ 13} Fatica does not challenge the trial court's findings relative to specific mitigating and aggravating factors. Nor did Fatica object to the contents of the presentence investigation report ("PSI") which included a psychological exam and a record of Fatica's multiple juvenile adjudications and criminal convictions. Rather, Fatica challenges the lower court's finding that, on balance, the seriousness and recidivism factors support the imposition of a prison term.
 {¶ 14} As a factor aggravating the seriousness of Fatica's conduct, the court found that the victims, both Mr. Salagovic and the Kirtland Police Department, suffered serious economic loss. With respect to the recidivism factors, the court found that Fatica committed the instant offenses while on parole, that Fatica has a lengthy history of juvenile delinquency adjudications and a history of adult criminal adjudications, that there has been a failure to rehabilitate Fatica, that Fatica failed to respond favorably to the prior imposition of probation and parole, that Fatica demonstrates a pattern of drug and alcohol abuse and has failed to seek treatment, and that Fatica suffers from a serious antisocial personality disorder.
 {¶ 15} The court found that there were "no mitigating factors which make these offenses less serious" and that "none of the factors make recidivism less likely in this particular case."
 {¶ 16} Fatica asserts that the court failed to consider the following: Fatica showed genuine remorse for the damage he caused by bringing a certified check for $1,798 to the sentencing hearing to make restitution to Mr. Salagovic. Fatica also maintains that the prompt payment of restitution mitigates against the court's finding that the "victim suffered serious economic harm." Fatica expressed the desire to receive treatment for substance abuse. Fatica's conduct was motivated by a desire to help his girlfriend feed her hungry children.
 {¶ 17} We hold that the trial court's decision to impose prison terms is clearly and convincingly supported by the record and is not otherwise contrary to law. Fatica's present desire to receive treatment does not mitigate against the fact that he has failed to seek treatment in the past.[2] We have often held that an untreated history of substance abuse justifies, rather than mitigates against the imposition of a harsher sentence. E.g.State v. Caldwell, 11th Dist. No. 2002-L-142, 2003-Ohio-6964, at ¶ 30. Similarly, Fatica's prompt payment of restitution to Mr. Salagovic does not invalidate the fact that Mr. Salagovic, as well as the Kirtland Police Department, suffered economic loss. Although a court may consider the prompt payment of restitution as a token of genuine remorse, the original damage caused by the criminal conduct remains a relevant factor in sentencing the offender. Finally, Fatica's alleged desire to help feed his girlfriend's children has no relevancy to the Possession of Cocaine and Vandalism charges. This court has generally deferred to the sentencing court's estimation of an offender's remorse. E.g. State v. Schaub, 11th Dist. No. 2003-L-091, 2005-Ohio-703, at ¶ 48; State v. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412, at ¶ 34 (citation omitted). We will do so in the present case.
 {¶ 18} For the foregoing reasons, the mitigating factors raised by Fatica fail to upset the sentencing court's decision to impose prison terms for the fifth degree felonies. Fatica's first assignment of error is without merit.
 {¶ 19} Fatica's second assignment of error challenges the sentencing court's imposition of consecutive sentences.
 {¶ 20} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C.2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶13 (emphasis sic) (footnote omitted). R.C. 2929.14(E)(4) provides as follows:
 {¶ 21} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 22} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 23} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 24} When imposing consecutive sentences for multiple offenses under R.C. 2929.14, the trial court is also required to "make a finding that gives * * * its reasons for imposing the consecutive sentences." R.C. 2929.19(B)(2)(c). "Pursuant to R.C.2929.14(E)(4) [and 2929.19(B)(2)(c)], when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer, 2003-Ohio-4165, paragraph one of the syllabus.
 {¶ 25} Fatica does not dispute that the court made the findings required by R.C. 2929.14(E)(4). The transcript of the sentencing hearing shows that the court expressly found that "consecutive sentences are necessary to protect the public from future crime"; that consecutive sentences "are not disproportionate to the seriousness of [Factica's] conduct"; that Fatica "committed multiple offenses while on parole"; and that Fatica's "history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by [Fatica]." Instead, Fatica argues that the sentencing court failed to cite specific reasons in support of its findings.State v. Bradford (June 2, 2001), 2000-L-103, 2001 Ohio App. LEXIS 2487, at *11. We disagree.
 {¶ 26} In our discussion of the previous assignment of error, we noted the various aggravating and recidivism factors cited by the lower court justifying the imposition of prison terms. The court specifically noted the fact that Fatica committed multiple offenses while on parole justified the imposition of consecutive sentences. In addition, the trial court went through Fatica's extensive juvenile and criminal history in detail:
 {¶ 27} "For the record, the Court is going to recite those [prior adjudications and convictions] from the presentence report, [they] began at the [age] of 13 when [Fatica] was sentenced to probation in Cuyahoga County Juvenile Court for four counts of aggravated burglary; again at the age of 13, another count of aggravated burglary; again age 13, three additional counts of aggravated burglary. At the age of 14 there were violations of court orders, as well as findings for aggravated burglary, possession of stolen property and forgery. At the age of 15 we are still doing aggravated burglaries. At the age of 16, criminal mischief, assault, and aggravated menacing. At the age of 16 we have drug abuse and minor purchase of liquor; age of 16 [sic] we have resisting arrest and disorderly conduct. At the age of 17 we have the unauthorized use of a motor vehicle, which resulted in a commitment to the Ohio Department of Youth Services.
 {¶ 28} "And then we don't miss much of a beat, shortly after turning 18 and becoming an adult, conviction for aggravated burglary, for which there was a prison term imposed by the Cuyahoga County Court of Common Pleas. Also in 1984 we have a conviction for attempting receiving stolen property and drug abuse. In 1990, conviction for carrying a concealed weapon; in 1993, convictions for theft, escape, unauthorized use of a motor vehicle; 1993, attempt to commit vandalism; and in 2003, a conviction for assault out of Geauga County."
 {¶ 29} The sentencing court's recitation of Fatica's considerable criminal past constitutes a litany of specific reasons supporting its findings that consecutive sentences are necessary to protect the public from future crime by Fatica. Fatica's second assignment of error is without merit.
 {¶ 30} Fatica's third assignment of error challenges the sentencing court's imposition of twelve-month sentences for each of the charges, the maximum possible sentence for a fifth degree felony. R.C. 2929.14(A)(5).
 {¶ 31} Pursuant to R.C. 2929.14(C), a "court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." The Supreme Court has held that "in order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmonson,86 Ohio St.3d 324, 329, 1999-Ohio-110. "However, these findings alone are insufficient for the imposition of a maximum sentence. When imposing a maximum sentence, the trial court must also comply with R.C. 2929.19(B)(2)(d), which requires the trial court to give its reasons for imposing the maximum prison term." State v.Chike, 11th Dist. No. 2001-L-120, 2002-Ohio-6912, at ¶ 8.
 {¶ 32} In the present case, the sentencing court found on the record that Fatica "does pose the greatest likelihood of committing crimes based on the lengthy and extensive findings of adjudications as a juvenile and lengthy convictions as an adult, so many of them being burglaries, breaking and entering. Obviously [Fatica] cannot conform to the rules we have in our society and he continues to enter the establishments and buildings of others and steals from them. For those reasons, as well as all the other factors the Court previously put on the record, the maximum prison terms are appropriate."
 {¶ 33} Again, Fatica does not dispute the court's compliance with R.C. 2929.14(C) or the court's findings relative to the individual sentencing factors. Rather, Fatica repeats his prior argument that the court failed to adequately weigh Fatica's "sincere remorse" and desire to "become a functional member of society." For the reasons stated above, we hold that these considerations do not negate the fact that the record clearly and convincingly supports the imposition of maximum sentences and do not render the court's judgment contrary to law. Fatica's third assignment of error is without merit.
 {¶ 34} In his fourth and final assignment of error, Fatica argues that the imposition of consecutive and maximum sentences violate his state and federal rights to trial by jury. Fatica's argument rests on a line of United States Supreme Court decisions beginning with Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435.
 {¶ 35} In Apprendi, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, the Court further held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of thefacts reflected in the jury verdict or admitted by thedefendant." 124 S.Ct. at 2537 (emphasis sic.) The Supreme Court affirmed these principles in United States v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621.
 {¶ 36} Fatica argues that, since Ohio's sentencing statutes require a court to make certain findings before imposing consecutive or maximum sentences, those findings must be determined by a jury or admitted to by the defendant.
 {¶ 37} In regard to the imposition of consecutive sentences, this court has consistently distinguished Apprendi andBlakely, which involve sentencing for a single crime. The "statutory maximum" for Apprendi purposes applies to "the penalty for a crime," not to the decision to order the penalties for multiple crimes to be served consecutively. State v.Taylor, 158 Ohio App.3d 597, 2004-Ohio-5939, at ¶ 26; State v.Langlois, 11th Dist. No. 2003-A-0080, 2005-Ohio-2795, at ¶ 44; see, also State v. Lett, 161 Ohio App.3d 274, 2005-Ohio-2665, at ¶ 46 (citing cases from every appellate district in Ohio holding that consecutive sentencing does not violateApprendi/Blakely or the Sixth Amendment).
 {¶ 38} In regards to the imposition of maximum sentences, this court has also previously held that Ohio's sentencing scheme does not violate Apprendi/Blakely or the Sixth Amendment. E.g. State v. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412, at ¶ 56, citing Harris v. United States (2002), 536 U.S. 545,558 ("judicial fact-finding in the course of selecting a sentence within the authorized range [for that degree of felony] does not implicate the indictment, jury-trial, and reasonable doubt components of the Fifth and Sixth Amendments"); also, Lett,2005-Ohio-2665, at ¶ 19 (citing cases from ten of Ohio's twelve appellate districts holding that the findings a court must make before imposing the maximum sentence do not implicate an offender's Sixth Amendment right to have issues relating to the `elements' of an offense either admitted to by a plea or determined by a trier of fact").
 {¶ 39} In the present case, however, we need not consider whether the sentencing court engaged in impermissible judicial fact-finding. Under both Apprendi and Blakely, a sentencing court may consider "the fact of a[n offender's] prior conviction" when imposing a sentence beyond the statutory maximum forApprendi purposes. 530 U.S. at 490. In establishing the factual basis of prior convictions, a sentencing court may consider evidence that bears "the conclusive significance of a prior judicial record," such as "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States (2005),125 S.Ct. 1254, 12621-263. This court has held that, under the exception for prior convictions, a sentencing court may consider an offender's juvenile adjudications as well as his adult criminal convictions. State v. Colbert, 11th Dist. No. 2003-A-0114, 2005-Ohio-2524, at ¶ 18; State v. Mendenhall,
2003-A-0116, 2005-Ohio-2525, at ¶ 18.
 {¶ 40} The sentencing court made the "finding" that Fatica poses "the greatest likelihood of committing crimes" based on his history of adult convictions and juvenile adjudications and the fact that Fatica committed the instant offenses while on parole, a fact admitted by Fatica. This record, by itself, "clearly and convincingly" supports the finding that Fatica poses the greatest likelihood of committing future crimes and, therefore, the imposition of the maximum sentences. Colbert, 2005-Ohio-2524, at ¶ 11; Mendenhall, 2005-Ohio-2525, at ¶ 13; State v. Reen,
11th Dist. No. 2003-A-0077, 2005-Ohio-2067, at ¶ 16.
 {¶ 41} Fatica's fourth assignment of error is without merit.
 {¶ 42} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, sentencing Fatica to three twelve month terms of imprisonment and ordering two of those terms to be served consecutively for an aggregate sentence of twenty-four months, is affirmed.
O'Toole, J., concurs, O'Neill, J., dissents with a Dissenting Opinion.
[1] Both parties' briefs describe the standard of review on appeal as "abuse of discretion." R.C. 2953.08(G) states: "The appellate court's standard for review is not whether the sentencing court abused its discretion."
[2] At the sentencing hearing, counsel for Fatica recommended Fatica for NEOCAP, the Northeast Ohio Community Alternative Program. The court noted, however, that Fatica could not be admitted to NEOCAP until the parole holder was cleared.