[Cite as *State v. Devore*, 2015-Ohio-3856.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15-COA-007 |
| JEFFREY M. DEVORE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Ashland County Court of Common Pleas, Case No. 07-CRI-092

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      September 21, 2015

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER TUNNELL
Ashland County Prosecutor
GARY D. BISHOP
Assistant County Prosecutor
110 Cottage Street, Third Floor
Ashland, OH 44805

For Defendant-Appellant

MATTHEW MALONE
10 East Main Street
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Appellant, Jeffrey M. DeVore ["DeVore"] appeals from the January 10, 2015 Judgment Entry of the Ashland County Court of Common Pleas designating him as a sexual predator.

*Facts and Procedural History*

{¶2} On December 13, 2007, DeVore was charged by bill of information in the Ashland County, Ohio Court of Common Pleas with one count of abduction in violation of R.C. 2905.02(A)(2), one count of attempted gross sexual imposition in violation of R.C. 2923.02(A) and R.C. 2907.05(A)(4), and one count of public indecency in violation of RC, 2907.09(A)(2). All counts stem from an incident that occurred on August 30, 2007, involving a minor victim later identified as B.R.

{¶3} On December 17, 2007, DeVore pled guilty to all counts contained in the bill of information. The trial court ordered DeVore undergo a standard pre-sentence investigation and a forensic examination of his amenability to sex offender treatment and evaluation of risk factors. Dr. Dale Rupple evaluated DeVore and submitted his report to the trial court on January 11, 2008. Dr. Rupple's report indicated that DeVore presented with a moderate-to-high risk to reoffend.

{¶4} On February 7, 2008, the trial court sentenced DeVore to five (5) years in prison on count one, abduction; to eighteen (18) months in prison on count two, attempted gross sexual imposition, and to sixty (60) days in jail on count three, public indecency. The prison terms on counts one and two were ordered to be served consecutively, while the jail term was ordered to be served concurrently to counts one and two. The trial court also ordered DeVore to serve five (5) years of post-release

control. Finally, the trial court classified DeVore as a Tier II sex offender under the Adam Walsh Act.

{¶5} While DeVore was in prison, the Ohio Supreme Court held in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 (2011), that the Adam Walsh Act could not be applied retroactively to offenders who committed their underlying sex offenses before January **1,** 2008.

{¶6} In July of 2014, DeVore was released from prison. In September of 2014, due to the holding in *Williams*, the state filed a motion to conduct a sex offender classification hearing.

{¶7} On January 12, 2015, the trial court held a classification hearing for DeVore pursuant to former R.C. Chapter 2950 ("Megan's Law"). The state relied on the presentence investigation and forensic report from 2008, as well as the testimony of Detective Scott Smart, who testified regarding a 2007 interview with DeVore, DeVore testified on his own behalf and submitted a 2015 sex offender assessment. The state argued that DeVore should be classified as a sexual predator, while DeVore argued that he should be classified as a sexually oriented offender. By Judgment Entry filed January 10, 2015, the trial court issued a written decision classifying DeVore as a sexual predator.

*Assignment of Error*

{¶8} Devore raises one assignment of error,

{¶9} "I. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, ERRED BY CLASSIFYING DEFENDANT-APPELLANT AS A SEXUAL PREDATOR."

*Analysis*

**{¶10}** In his first assignment of error, Devore contends that the trial court erred by classifying him as a Sexual Predator following a classification hearing conducted pursuant to former R.C. Chapter 2950 ("Megan's Law). DeVore further alleges that the manifest weight of the evidence is insufficient to find, by clear and convincing evidence, that he is "likely to engage in the future in one or more sexually oriented offenses".

**{¶11}** On June 3, 2010 the Ohio Supreme Court decided *State v. Bodyke*, 126 Ohio St.3d 266, 2010–Ohio–2424, 933 N.E.2d 753. In *Bodyke*, the Court concluded that R.C. 2950.031 and R.C. 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violated the separation of powers doctrine by requiring the opening of a final judgment. The *Bodyke* court concluded that R.C. 2950.031 and R.C. 2950.032 "may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration order imposed previously by judges are reinstated." *Bodyke* at ¶ 66.

**{¶12}** Under Megan's Law, R.C. Chapter 2950 defines three classifications of sex offenders: sexual predators, habitual sexual offenders, and sexually oriented offenders. R.C. 2950.09; *State v. Cook*, 83 Ohio St.3d 404, 407, 1998-Ohio-291, 700 N.E.2d 570(1998). To earn the most severe designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).

{¶13} In making a determination as to whether an offender is a sexual predator, the judge must consider all relevant factors, including, but not limited to, all of the following: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j). *Cook,* 83 Ohio St.3d at 407-408, 1998-Ohio-291, 700 N.E.2d 570.

{¶14} The conclusion by the trial court that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(B)(3). The offender and the prosecutor may appeal as a matter of right the judge's determination regarding sexual predator status. Id. In addition, upon expiration of the applicable time period, an offender who has been adjudicated a sexual predator may petition the court to obtain an entry stating that the offender is no longer a sexual predator. R.C. 2950.09(D). *Cook,* 83 Ohio St.3d at 408, 1998-Ohio-291, 700 N.E.2d 570.

**{¶15}** Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. To meet the clear-and-convincing standard requires a higher degree of proof than "a preponderance of the evidence," but less than "evidence beyond a reasonable doubt." *State v. Ingram*, 82 Ohio App.3d 341, 346, 612 N.E.2d 454(1992).

**{¶16}** In *State v. Wilson*, the Ohio Supreme Court held,

> Because sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the judge's findings are supported by some competent, credible evidence.

113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus.

**{¶17}** Under the civil standard, examining the evidence underlying the trial judge's decision is a prerequisite to determining whether the trial court's judgment is supported by some competent, credible evidence. *Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264,¶40.

**{¶18}** In the case at bar, the trial court reviewed all materials of record in this matter, including but not limited to the District V Forensic Diagnostic Center Assessment and the Presentence Investigation Report previously submitted to the Court, and all testimony and documentary evidence submitted during the classification hearing held January 12, 2015.

{¶19} The trial court examined the factors listed in R.C. 2950.09(B)(3). The trial court noted that the sexually deviant behavior DeVore exhibited occurred over three counties an spanned 3 1/2 years. R.C. 2950.09(B)(3)(b); and that multiple individuals have been victimized by DeVore's sexually deviant behavior. R.C. 2950.09(B)(3)(d). Although the charged offenses involved a single seven year old girl, DeVore himself admitted to driving through the Amish and Mennonite communities in Richland, Ashland and Knox Counties looking for females whom he could expose himself to and witness him masturbate. Thus, exhibiting a demonstrated pattern of abuse. R.C. 2950.09(B)(3)(h).

{¶20} The trial court also considered the age of the victim. R.C. 2950.09(B)(3)(c). DeVore kidnapped and drove a seven-year old child away from her home and, ignoring her pleadings, made her remove her panties and fondled her pelvic area. He also attempted to place her on his lap with his erect penis exposed, further restraining her in the process, and attempted to masturbate with this panty less seven-year-old girl positioned above his penis. He admitted the victim was upset and praying. R.C. 2950.09(B)(3)(i). Further, Devore had been abusing marijuana when engaging in sexually deviant behavior. R.C. 2950.09(B)(3)(j). Devore had "smoked pot" for almost twenty years prior to committing these offenses. He had been previously convicted of felony trafficking in marihuana.

{¶21} DeVore did not use drugs or alcohol to impair his victim. R.C. 2950.09(B)(3)(e). DeVore served the entirety of his sentence, which was six and a half years. While incarcerated, DeVore participated in and completed a thirteen-week sex offender treatment program. R.C. 2950.09(B)(3)(f). In addition, Dr. Rupple noted in his

2008 assessment several factors for reducing the risk of reoffending in DeVore's, including, among others, age, substance abuse, employment history, and motivation.

**{¶22}** The trial court has significant discretion in evaluating factors that may be relevant to its recidivism determination and such determinations are to be afforded great deference. *State v. Robertson*, 147 Ohio App.3d 94, 2002-Ohio-494, 768 N.E.2d 1207(3rd Dist.). The court has discretion to determine what weight, if any, it will assign to each statutory guideline. *State v. Thompson*, 92 Ohio St.3d 584, 2001-Ohio-1288, 752 N.E.2d 276. The trial court does not need to find a majority of the R.C. 2950.09(B)(3) factors to support a sexual predator determination; rather, an appellant may be so adjudicated even if only one or two of the factors are present as long as the totality of the circumstances provides clear and convincing evidence that the appellant is likely to commit a sexually oriented offense in the future. *State v. Murphy*, 11 Dist. Lake No.2003-L049, 2005-Ohio-412, ¶ 41.

**{¶23}** The Ohio Supreme Court in *State v. Thompson*, 92 Ohio St.3d 584, 2001-Ohio-1288, 752 N.E.2d 276 discussed the statutory factors and its ruling in *State v. Eppinger*, 91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881 and stated:

> We find that the factors listed in R.C. 2950.09(B)(2) are guidelines
> that serve an important function by providing a framework to assist judges
> in determining whether a defendant, who committed a sexually oriented
> offense, is a sexual predator. These guidelines provide consistency in the
> reasoning process. Without such guidelines, judges would be left in
> uncharted waters and decisions on whether a defendant was a sexual

predator could vary widely depending on a judge's own viewpoint on the issue.

However, these guidelines do not control a judge's discretion. R.C. 2950.09(B)(2) requires a court to "consider all relevant factors including, but not limited to, all of the following [factors]." This language requires the court to "consider" the factors listed in R.C. 2950.09(B)(2), but does not direct the court on what weight, if any, it must assign to each factor. Such an interpretation makes sense because determining recidivism is at best an imperfect science and while the guidelines set forth potentially relevant factors, some may not be applicable in every case. Thus, R.C. 2950.09(B)(2) does not divest a court of its fact-finding powers in assessing the relevancy of each factor. As we stated in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 166, 743 N.E.2d 881, 889, "the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the *particular evidence* and *factors upon which it relies* in making its determination regarding the likelihood of recidivism." (Emphasis added.)

92 Ohio St.3d at 587-588, 2001-Ohio-1288, 752 N.E.2d 276. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism. *Thompson* at 588.

{¶24} In the *Eppinger* case, the Ohio Supreme Court noted that "under certain circumstances, it is possible that one sexually oriented conviction alone can support sexual predator adjudication." *Eppinger* at 162. Further, "'substantial evidence exists

which indicates that child sex offenders are generally serial offenders. Specifically, in considering the Jacob Wetterling Crimes Against Children Registration Act, Section 14701, Title 42, U.S. Code, the House Report prepared for the Act stated: 'Evidence suggests that child sex offenders are generally serial offenders. Indeed one recent study concluded the 'behavior is highly repetitive, to the point of compulsion' and found that 74 percent of imprisoned child sex offenders had one or more prior sexual offenses against a child.' See H.R.Rep. No. 392, 103rd Congress." *State v. Sloan*, 5th Dist. Richland No.2005-CA-0023, 2005-Ohio-5635, ¶ 58.

{¶25} We conclude the findings made by the trial court in its judgment entry are supported by competent, credible evidence. This evidence indicates DeVore is likely to reoffend and therefore, the trial court properly found him to be a "sexual predator."

{¶26} DeVore's sole assignment of error is overruled.

{¶27} The judgment of the Court of Common Pleas, Ashland County, Ohio is affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur