OPINION
{¶ 1} This appeal, submitted on the record and briefs of the parties, arises from the Ashtabula County Court of Common Pleas wherein appellant, Gary Langlois ("Langlois"), pleaded guilty to two counts of rape, felonies of the first degree.
 {¶ 2} Langlois married his wife Linda in 1989. At the time of the marriage, Linda had a daughter from a previous marriage, age nine, who lived with the couple. The child is the victim of the instant offenses. During the winter months, Langlois was laid off from his construction job, while Linda continued to work full-time. Langlois would watch the daughter from approximately 2:00 p.m. when she arrived home from school, until approximately 4:00 p.m., when Linda would arrive home from work. It was during this time that Langlois began fondling the child, engaging in digital penetration, and forcing her to perform oral sex. This occurred approximately twice a week at that time. However, as the child grew older, the abuse became more frequent and began to include intercourse. Eventually Langlois began entering the child's bedroom on a nightly basis after Linda was asleep. To avoid Langlois' advances, the child would pretend to be asleep; however, Langlois would flip the child over and commence intercourse undeterred.
 {¶ 3} The conduct continued until the victim graduated from high school and left for college. The victim continued to deny any abuse had occurred, although her mother found a journal describing the events, and the mother had walked in the victim's room while Langlois was attempting to engage in intercourse with her. While attending Vanderbilt University, the victim attempted suicide. Her extended family was alerted about possible sexual abuse. On December 27, 2002, the victim met with a detective from the Ashtabula County Sheriff's Department to report the abuse.
 {¶ 4} On February 14, 2003, Langlois was charged, by way of information, on two counts of rape, felonies of the first degree. Langlois entered pleas of guilty to both counts on March 3, 2003. On June 13, 2003, the trial court found appellant to be a sexually oriented offender, and sentenced him to a ten-year term of imprisonment on each count, to be served consecutively. Langlois now appeals.
 {¶ 5} Langlois presents three assignments of error on appeal:
 {¶ 6} "[1.] The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences.
 {¶ 7} "[2.] The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment on both charges.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to consecutive maximum sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 9} An appellate court reviews a felony sentence de novo.State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487 at 3. We will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 10} In his first assignment of error, Langlois contends the trial court erred in ordering consecutive sentences.
 {¶ 11} R.C. 2929.14(E)(4) provides in relevant part:
 {¶ 12} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 13} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 14} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 15} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 16} Further, R.C. 2929.19(B)(2)(c) requires a sentencing court to provide reasons for the finding or findings justifying consecutive sentences under R.C. 2929.14(E)(4). A trial court imposing consecutive sentences must make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paragraph one of the syllabus.
 {¶ 17} In the current matter, the trial court made the following statement at the sentencing hearing:
 {¶ 18} "I find that consecutive prison terms are necessary here because the harm was so great that a single term does not adequately reflect the seriousness of the conduct.
 {¶ 19} "This was just not two incidents, this was hundreds of incidents. If I'm wrong on a hundred, then I'm right that there were at least fifty or sixty, but I'm more accurate on the fact that it was probably at least a hundred occasions from the time she was nine-years old until she left home.
 {¶ 20} "I'm always troubled when I wonder about, what is the worst form of an offense when I'm considering the longest term? And I think I don't really know what is the worst form of a rape offense. That's a factor that I have to take into consideration.
 {¶ 21} "But here I can see it. I can see that it just didn't happen — it wasn't an impulse. It took place on your part because you were under the influence of alcohol or circumstances. It isn't something that there was some provocation on her part, but it was something that just occurred again and again and again, and I see the outcome. * * *"
 {¶ 22} The trial court's statement reflects it did not explicitly recite each statutory finding under R.C.2929.14(E)(4); however, a trial court is not required to parrot the language of the statute verbatim when imposing sentence.State v. Grissom, 11th Dist. No. 2001-L-107, 2002-Ohio-5154, at ¶ 21. Moreover, we will presume the trial court considered the statutory factors when it makes its findings on the record in support of those factors. State v. Hawley (August 10, 2001), 11th Dist. No. 2000-L-114, 2001 Ohio App. LEXIS 3532, at 3.
 {¶ 23} Under the circumstances, the court remarked on the highly harmful character of Langlois' conduct; the court also noted the repetitive and continuous nature of the rape offenses and emphasized that the victim did not provoke Langlois' advances. When placed in context, the observations on record demonstrate its belief that consecutive sentences are necessary to punish appellant. Further, the court's discussion of the worst form of the offense suggests the court's attitude that consecutive sentences are not disproportionate to the seriousness of Langlois' conduct.
 {¶ 24} In our view, we believe the court made adequate findings pursuant to findings under R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c). Thus, the court did not err in sentencing appellant to consecutive terms of imprisonment.
 {¶ 25} Langlois' first assignment of error is overruled.
 {¶ 26} In his second assignment of error, Langlois contends the trial court erred when it imposed the statutory maximum for the charges to which he pleaded guilty.
 {¶ 27} R.C. 2929.14(C) governs the imposition of maximum sentences. R.C. 2929.14(C) provides in relevant part:
 {¶ 28} "* * * the court * * * may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 29} R.C. 2929.19(B)(2)(d) requires a sentencing court to give reasons for the finding(s) under R.C. 2929.14(C) which must be made at the sentencing hearing. State v. Aylward,159 Ohio App.3d 284, 2004-Ohio-6176, at ¶ 24, citing Comer, supra, at 467-468.
 {¶ 30} From the bench, the trial court determined Langlois committed one of the worst forms of the offense. In support the court underscored the fact that the rapes were unprovoked and repetitive in nature. The court made its required statutory finding pursuant to R.C. 2929.14(C) and aligned its finding with specific reasoning sufficient to justify the maximum penalty.
 {¶ 31} Langlois' second assignment of error is without merit.
 {¶ 32} In his third assignment of error, Langlois argues the trial court erred when it imposed maximum, consecutive sentences which were more than the minimum sentences based upon a finding of factors to which he did not admit. Langlois essentially contends his sentence and, in effect, all felony sentences under Senate Bill 2 imposing prison terms greater than the minimum, maximum terms, as well as consecutive terms violate the United States Supreme Court's decision in Blakely v. Washington
(2004), 124 S.Ct. 2531.
 {¶ 33} In Blakely, the United States Supreme Court held a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant nor found by the jury. For constitutional purposes, the statutory maximum is "the maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant." Id. at 2537. (Emphasis sic.)
 {¶ 34} Here, Langlois pleaded guilty to two first-degree felonies. The minimum statutory prison term for a first-degree felony is three years; the maximum term is ten years. The trial court imposed consecutive ten-year sentences. Langlois had never served a prior prison term; thus, to support its upward departure from the statutorily required minimum sentence, the trial court had to find the shortest prison term would demean the seriousness of Langlois' conduct or not adequately protect the public from future crime.
 {¶ 35} Langlois contends this exercise involves an impermissible judicial factfinding exercise. That is, the facts permitting the upward departure were neither admitted by Langlois nor charged in the information; therefore, Langlois concludes, R.C. 2929.14(B) violates Blakely and therefore he was entitled to a minimum sentence on each count.
 {¶ 36} Langlois' argument suggests Blakely acts to eliminate sentencing discretion. On the contrary, Blakely
indicates a sentencing judge may exercise his discretion precisely to the extent doing so does not impinge upon the "jury's traditional function of finding the facts essential to lawful imposition of the penalty." Blakely, supra at 2540. Due Process "requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged." Patterson v. NewYork (1977), 432 U.S. 197, 210. As a criminal defendant has never enjoyed a Sixth Amendment right to jury sentencing, the penalty phase of a criminal trial does not implicate the full panoply of rights guaranteed by due process. Thus, "judicial fact-finding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable doubt components of the Fifth and Sixth Amendments." Harris v. United States (2002), 536 U.S. 545, 558.
 {¶ 37} In United States v. Booker (2005), 125 S.Ct. 738, the United States Supreme Court further underscored the constitutionality of this proposition. In Booker, the court determined that the Federal Sentencing Guidelines violated the Sixth Amendment. Specifically, the Federal Sentencing Guidelines (prior to Booker) permitted a judge to increase a sentence beyond a mandated sentencing range if he or she adduced certain facts not necessarily charged in the indictment or admitted by the defendant. However, the court explicitly stated:
 {¶ 38} "If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the SixthAmendment.[1] We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. * * * For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the fact that the judge deems relevant." Id. at 750. (Emphasis sic.)
 {¶ 39} In Ohio, a judge possesses the discretion to sentence an offender within the statutory range based upon the degree of felony for which he or she is being prosecuted. The General Assembly has made it clear the R.C. 2929.14(B)(2) findings are sentencing factors which do not authorize a penalty beyond that permitted by statute. Upon his plea, Langlois was subject, by law, to a sentence between three and ten years on the first degree felonies. Because the R.C. 2929.14(B)(2) sentencing factors do not empower a court to "swell the penalty above what the law has provided," Langlois was not entitled to have these facts charged, heard by a jury, and proved beyond a reasonable doubt. Booker, supra, at 750.
 {¶ 40} Booker underscores the principle that a jury need not determine every fact that could increase a defendant's punishment but only those which would increase a defendant's punishment beyond that allowed by the laws in question. Therefore, Booker serves to amplify this court's recent decisions holding that Blakely does not render Senate Bill 2 unconstitutional. The quality of the findings required by R.C.2929.14(B) and 2929.14(C) are discretionary in nature and do not violate the Sixth Amendment.
 {¶ 41} Nor does the trial court's imposition of consecutive sentences violate the rule set forth in Blakely.
 {¶ 42} In Apprendi v. New Jersey (2000) 530 U.S. 466, 490, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Blakely
refined the Apprendi rule when it held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in a juryverdict or admitted by the defendant." Blakely, supra at 2537. (Emphasis sic.)
 {¶ 43} Langlois argues his consecutive sentences went beyond the statutory maximum for Apprendi purposes because the trial court made factual findings under R.C. 2929.14(E)(4) to support the imposition of consecutive sentences. Langlois concludes that because he neither admitted these additional facts nor were they found by a jury, his constitutional right to trial by jury was violated.
 {¶ 44} Blakely and Apprendi are distinguishable from the instant case, as they deal with sentencing for a single crime.
Ohio courts have consistently held Apprendi does not apply to consecutive sentence as long as the sentence does not exceed the statutory maximum for each individual underlying offense. See,State v. Carter, 6th Dist. No. L-00-1082, 2002-Ohio-3433 at ¶ 25 (holding appellant's two eight-year consecutive sentences for rape did not violate Apprendi because each sentence was within the ten-year statutory range for a single offense.) Accord,State v. Gambrel (Feb. 2, 2001), 2nd Dist. No. 2000-CA-29, 2001 Ohio App. LEXIS 339 at 14; State v. Brown, 2nd Dist. No. 18643, 2002-Ohio-277 (maximum sentence); State v. Wilson, 6th Dist. No. L-01-1196, 2002-Ohio-5920. Federal courts have also held consecutive sentences do not conflict with Apprendi. See,United States v. Wingo (C.A. 6, 2003), Case Nos. 01-1669, 01-1961, 2003 U.S. App. LEXIS 18828, at 12; United States v.Sauceda (C.A. 6, 2002), Case No. 01-2340, 2002 U.S. App. LEXIS 19118, at 3-4. Nothing in Blakely changes this rule.
 {¶ 45} In this case, Langlois' individual sentences do not exceed the statutory maximum. Thus, Blakely does not apply to Langlois' sentence. State v. Taylor, 158 Ohio App.3d 597,2004-Ohio-5939. Langlois' final assignment of error lacks merit.
 {¶ 46} For the reasons set forth in the foregoing opinion, the sentence of the Ashtabula County Court of Common Pleas is affirmed.
Grendell, J., concurs.
[1] However, in lieu of "throwing the baby out with the bathwater" and repealing the entire Federal Sentencing Act, the court decided to sever and excise the provision of the statute making the Guidelines mandatory. "So modified, the Federal Sentencing Act * * * makes the Guidelines effectively advisory. It requires a sentencing court to consider Guideline ranges * * *, but it permits the court to tailor the sentence in light of other statutory concerns as well." Id. at 756-757.
WILLIAM M. O'Neill, J., dissents with Dissenting Opinion.