OPINION
{¶ 1} Appellant, Paul J. Roberts, appeals from the judgment of the Ashtabula County Court of Common Pleas sentencing him to an aggregate prison term of eleven years after he pleaded guilty to one count of attempted rape and one count of gross sexual imposition. We affirm.
 {¶ 2} On October 29, 2003, appellant was charged by information, with one count of attempted rape, in violation of R.C. 2923.02 and 2907.02, a felony of the second degree, and one count of gross sexual imposition, in violation of R.C.2907.05(A)(2), a felony of the third degree. On the same day, appellant entered a plea of guilty pursuant to North Carolina v.Alford (1970), 400 U.S. 25. On May 12, 2004, appellant was sentenced to the maximum eight years imprisonment on the attempted rape charge and three years imprisonment on the gross sexual imposition charge. The court ordered the sentences to run consecutively for a total sentence of eleven years.
 {¶ 3} Appellant asserts four assignments of error for our review:
 {¶ 4} "[1.] Appellant's constitutional rights were violated when he was given the maximum possible sentence for attempted rape based upon findings of fact that were neither agreed to by counsel nor found by a jury.
 {¶ 5} "[2.] Appellant's constitutional rights were violated when he was ordered to serve his sentence terms of incarceration consecutively.
 {¶ 6} "[3.] Judge Alfred Mackey abused his discretion when he gave appellant an eight year prison sentence for attempted rape in violation of Revised Code 2907.02 and 2923.02.
 {¶ 7} "[4.] Appellant was sentenced to consecutive terms of imprisonment without the findings of fact that are required by the Ohio Revised Code."
 {¶ 8} Under his first assignment of error, appellant challenges the constitutionality of R.C. 2929.14(C), the statutory provision governing the court's authority to impose the "longest possible prison term authorized" under Ohio's felony sentencing laws. Appellant contends the statutory findings required to impose the maximum sentence violate the United States Supreme Court's decision in Blakely v. Washington (2004),124 S.Ct. 2531. In appellant's view, the factors set forth in R.C.2929.14(C) allow a court to impermissibly swell a defendant's punishment beyond that authorized by statute by relying upon facts neither stipulated by defense counsel nor found by a jury.
 {¶ 9} In Blakely, the United States Supreme Court held a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant nor found by the jury. The statutory maximum, for purposes of this inquiry, is "the maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant." Id. at 2537. (Emphasis sic.)
 {¶ 10} R.C. 2929.14(C) permits a trial court to impose the maximum sentence for a felony where it finds one of the following: (1) the offender committed the worst form of the offense, (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a major drug offender as set forth in the statute, and (4) the offender is a repeat violent offender as set forth in the statute. In the instant matter, the court "found" appellant committed the worst form of the offense and posed the greatest likelihood of recidivism. While appellant's trial counsel neither stipulated to these findings nor were they found by a jury, we have previously held R.C. 2929.14(C) does not violate Blakely. See State v.Fatica, 11th Dist. No. 2004-L-078, 2005-Ohio-4209, ¶ 38; Statev. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412, ¶ 56-60;State v. Langlois, 11th Dist. No. 2003-A-0080, 2005-Ohio-2795, ¶ 32-40.
 {¶ 11} In each of the foregoing cases, this court has heldBlakely does not eliminate judicial discretion in sentencing. Rather, the holding in Blakely serves to underscore a long recognized principle in Sixth Amendment jurisprudence; namely, that judicial discretion may be exercised precisely to the extent it does not infringe upon the jury's traditional role of finding the facts necessary to lawful imposition of a penalty.Langlois, supra, at ¶ 36. Because a defendant has never enjoyed a right to jury sentencing, judicial fact-finding in the course of selecting a sentence within a scaled range does not implicate the Sixth Amendment. Id.; Murphy, supra, at ¶ 56. By implication, where a statute allows for the imposition of a graded scale of punishments and simply permits a judge, after consideration of aggravating factors, to inflict a punishment of a lighter or heavier grade, the offender's rights are not compromised. Id., at ¶ 58; see also, Harris v. United States
(2002), 536 U.S. 545, 561-562. R.C. 2929.14(C) fits squarely within this description: The statue sets forth several "aggravating circumstances" which merely act as a trigger for the imposition of the statutory maximum. Under no circumstances, however, could these aggravating factors swell the penalty above that provided by law. For these reasons, appellant's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, appellant asserts the trial court's imposition of consecutive sentences violatesBlakely. Appellant contends the trial court exceeded its authority and violated his Sixth Amendment rights when it imposed consecutive sentences by making findings pursuant to R.C.2929.14(E)(4) that were neither stipulated by the defense nor found by the jury. Again, this court has previously entertained this argument and rejected it. State v. Taylor,158 Ohio App.3d 597, 2004-Ohio-5939, ¶ 26; Fatica, supra, at ¶ 37; State v.Semala, 11th Dist. No. 2003-L-128, 2005-Ohio-2653, at ¶ 37;Langlois, supra, at ¶ 42; State v. Allen, 11th Dist. No. 2004-L-038, 2005-Ohio-1415, at ¶ 29.
 {¶ 13} Since the inception of the Blakely challenge, we have consistently held that the Sixth Amendment is not violated so long as the sentence for a single crime does not exceed the statutory maximum. See, e.g., Taylor, supra. Accordingly, where a defendant is sentenced on more than one crime, his Sixth Amendment rights are not violated where the individual sentences are within the prescribed range set forth by statute. Thus, the additional findings required to impose consecutive sentences are inconsequential for Blakely purposes because they cannot logically increase a penalty beyond the statutory maximum for a single crime.
 {¶ 14} Appellant's second assignment of error is without merit.
 {¶ 15} In his third assignment of error, appellant argues the trial court erred in imposing the maximum sentence on the one count of attempted rape to which appellant pleaded guilty. Appellant contends the trial court failed to follow the precise statutory mechanisms which would permit the imposition of the maximum sentence and, moreover, the court failed to sufficiently justify its imposition of the maximum sentence.
 {¶ 16} An appellate court reviewing a felony sentence utilizes a de novo standard. Langlois, supra, at ¶ 9. Unless the record demonstrates, by clear and convincing evidence, the sentence is contrary to law, it shall remain undisturbed. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id., quoting State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at 3.
 {¶ 17} In State v. Edmonson, 86 Ohio St.3d 324, 329,1999 Ohio 110, the Supreme Court of Ohio held: "[I]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Further, R.C. 2929.19(B)(2)(d) requires a trial court to make a finding that sets forth its "`reasons forimposing the maximum prison term.'" Id. at 328. (Emphasis sic.) The R.C. 2929.14(C) findings and their justifications must be made on the record at the sentencing hearing. State v.Mitchell, 11th Dist. No. 2004-L-071, 2005-Ohio-3896, ¶ 40 (holding the requirements of State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165 have been extended to include situations in which a court sentences a defendant to the maximum sentence).
 {¶ 18} In the instant matter, the trial court made the following findings on the record at the sentencing hearing:
 {¶ 19} "Concerning the sentence, the Court, on the charge of * * *
 {¶ 20} "* * *
 {¶ 21} "— Attempted rape, a felony of the second degree, finds both factors to be present. One is that you committed the worst form of the offense; that is, we had a victim of tender years. Also, the finding by Dr. Fabian, I believe that you pose a great likelihood of committing future crimes."
 {¶ 22} Further, the court also made the following findings regarding the seriousness of appellant's offense:
 {¶ 23} "Considering the more serious factors, injury to the victim was worsened by the age of the victim, and here we have a child of three years of age, at least by her account, when this commenced, and it took place over a three- to four-year period of time, perhaps a little less. But it was over a period of time and it involved numerous incidents of improper relationship here and criminal conduct on the part of the defendant with this young victim.
 {¶ 24} "* * * psychological harm suffered by the victim, who is under counseling and, according to the victim's mother, she has a fear of men and has some behavioral problems and is under counseling I believe not only in school but also with another counselor. So she's seeing two different counselors as a result of this.
 {¶ 25} "There was a relationship of trust between the victim, the victim's mother, and the defendant. And, Mr. Roberts, you took advantage of that situation, and that facilitated — that allowed you to commit the offense. The parents allowed this young girl to remain with you baby-sitting her while they were at work or some other activities, and as a result, they trusted you. But you violated their trust, and that goes to your relationship with the victim helping to facilitate the offense, because you had the opportunity to be with her because you were a trusted friend, and that was a factor here."[1]
 {¶ 26} Although they relate to the so-called "seriousness" factors of R.C. 2929.12(B), the court also made the following findings:
 {¶ 27} While only required to find one of the factors under R.C. 2929.14(C), the court determined appellant committed the worst form of the offense and appellant posed the greatest likelihood of committing future crimes. R.C. 2929.14(C). The court justified the former by indicating appellant's victim was "of tender age." While brief, we believe the court adequately set forth the reason for its finding regarding its belief as to why appellant's crime was "the worst form of the offense."
 {¶ 28} Further, the court determined appellant's likelihood of recidivism was great. With respect to this finding, however, the court's justification is merely referential, i.e., the court cited Dr. Fabian's finding. Our review of the sentencing hearing fails to elucidate exactly what Dr. Fabian's finding entailed. Without some discussion on the record as to as to the nature of Dr. Fabian's finding, we cannot say the court set forth its reason for the "recidivism likely" finding in a manner contemplated by Comer, i.e., in a manner that permits an appellate court to conduct a meaningful review of the sentencing decision. Id. at 467. In this respect, we find the court's determination insufficient.
 {¶ 29} However, because the court specifically determined appellant's crime was the worst form of the offense and provided an adequate rationale for its conclusion, we hold the trial court did not err when it imposed the maximum sentence for second degree felony to which he pled. Appellant's third assignment of error is not well taken.
 {¶ 30} In his fourth assignment of error, appellant contends the trial court failed to make the required findings set forth in R.C. 2929.14(E)(4). Therefore, appellant concludes, the trial court erred in sentencing him to consecutive sentences.
 {¶ 31} R.C. 2929.14(E)(4) provides:
 {¶ 32} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 33} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 34} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 35} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 36} In Comer, supra, the Supreme Court of Ohio held:
 {¶ 37} "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Id. at paragraph one of the syllabus.
 {¶ 38} In the instant matter, the court stated:
 {¶ 39} "* * * and concerning whether these sentences should run concurrently or consecutively, the court believes that there has been a great harm that was done here, that a single term does not have the seriousness of this conduct.
 {¶ 40} "This is a victim of tender years and this is something that by all accounts she's going to carry with her for many years if not the rest of her life.
 {¶ 41} "And the fact that there is a recidivism factor that Dr. Fabian referred to, that there is a likelihood that you are going to commit future crimes, a consecutive sentence is necessary to protect the public."
 {¶ 42} Reading the foregoing in its full context, the court made the requisite findings that consecutive sentences are necessary to punish appellant. The court also properly found that consecutive sentences are not disproportionate to the seriousness of the conduct and the danger appellant poses to the public. Finally, while the court does not make a rote recitation of one of the factors in R.C. 2929.14(E)(4)(a) — (c), its discussion of the victim's youth and the impact it will have on her future captures the spirit of R.C. 2929.14(E)(4)(b). Langlois, supra, at ¶ 22, citing State v. Grissom, 11th Dist. No. 2001-L-107, 2002-Ohio-5154, at ¶ 21 (noting that it is unnecessary for a trial court to parrot the language of the statute when imposing a sentence); see, also, State v. Hawley (Aug. 10, 2001), 11th Dist. No. 2000-L-114, 2001 Ohio App. LEXIS 3532, at 3 (holding an appellate court will presume the trial considered the statutory factors in question where it makes its findings on the record in support of those factors). Therefore, the trial court did not err when it imposed consecutive sentences. Appellant's final assignment of error is without merit.
 {¶ 43} For the foregoing reasons, appellant's four assigned errors are overruled. Therefore, the judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.
O'Toole, J., concurs, O'Neill, J., dissents with Dissenting Opinion.
[1] Although the findings within this quote relate to the so-called "seriousness" factors of R.C. 2929.12(B), they lend significant support to the court's determination that appellant committed the worst form of the offense.