OPINION
{¶ 1} Appellant, Shawn W. Fisher, appeals from the judgment entry of the Lake County Court of Common Pleas sentencing him to the maximum sentence of ten years for voluntary manslaughter, a felony of the first degree.
 {¶ 2} On August 9, 2001, the Lake County Grand Jury returned an eight count indictment against appellant charging him with: two counts of aggravated murder; three counts of felony-murder; one count of kidnapping; one count of robbery; and one count of felonious assault. During plea negotiations, the state offered to dismiss the original charges and permit appellant to plea to voluntary manslaughter, a lesser included offense of felony murder (Count 3 as charged in the indictment), in exchange for his full cooperation in the prosecutions of his co-defendants. On December 5, 2001, appellant pleaded guilty to voluntary manslaughter which the trial court accepted. On January 4, 2002, appellant was sentenced to the maximum term of ten years imprisonment.
 {¶ 3} Appellant appealed his sentence and on June 30, 2003, this court reversed and remanded the matter for re-sentencing. See, State v. Fisher, 11th Dist. No. 2002-L-020, 2003-Ohio-3499 ("Fisher I").
 {¶ 4} On September 25, 2003, the trial court convened for appellant's remanded sentencing hearing. The trial court complied with the requisite sentencing procedures: It weighed the seriousness and recidivism factors and considered the principles and purposes of sentencing under R.C. 2929.11. The court also recited the applicable factors and how they pertained to the instant matter. The court then determined the "maximum imprisonment is consistent with the purposes and principles of sentencing. And the court finds that this offense was a worst form, if not the worst form of the offense, pursuant to Section 2929.14(C)." Notwithstanding our holding in Fisher I, the court again supported its finding with its "knowledge" that appellant was actually guilty of murder.
 {¶ 5} The court then supplemented its justification for imposing the maximum sentence by underscoring how specific facts which occurred during the commission of the crime(s) rendered appellant's conduct the "worst form of the offense." The court ultimately sentenced appellant to the maximum term of ten years incarceration. Appellant now appeals his sentence and asserts two assignments of error for our review:
 {¶ 6} "[1.] The trial court erred by re-sentencing defendant-appellant to the maximum term of incarceration.
 {¶ 7} "[2.] The trial court erred by sentencing defendant-appellant Shawn W. Fisher on the basis of fact [sic] neither reflected in a jury verdict nor admitted by him, in violation of his rights under the Sixth Amendment to the U.S. Constitution, as interpreted by the U.S. Supreme Court inBlakely v. Washington (2004), 124 S.Ct. 2531, Reh'g Den. (August 23, 2004), 125 S.Ct. 21 and its progeny."
 {¶ 8} An appellate court reviewing a felony sentence utilizes a de novo standard. State v. Langlois, 11th Dist. No. 2003-A-0080, 2005-Ohio-2795, @ ¶ 9. Unless the record demonstrates, by clear and convincing evidence, the sentence is contrary to law, it shall remain undisturbed. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id., quoting State v. Bradford
(June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at 3.
 {¶ 9} In State v. Edmonson, 86 Ohio St.3d 324, 329,1999 Ohio 110, the Supreme Court of Ohio held: "[I]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Further, R.C. 2929.19(B)(2)(d) requires a trial court to make a finding that sets forth its "`reasons forimposing the maximum prison term.'" Edmonson, supra, at 328. (Emphasis original). The R.C. 2929.14(C) findings and their justifications must be made on the record at the sentencing hearing. State v. Mitchell, 11th Dist. No. 2004-L-071,2005-Ohio-3896, ¶ 40 (holding the requirements of State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, have been extended to include situations in which a court sentences a defendant to the maximum sentence).
 {¶ 10} R.C. 2929.14(C) permits a trial court to impose the maximum sentence for a felony where it finds one of the following: (1) the offender committed the worst form of the offense, (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a major drug offender as set forth in the statute, and (4) the offender is a repeat violent offender as set forth in the statute. In the instant matter, the court "found" appellant committed the worst form of the offense. Pursuant to R.C. 2929.19(B)(2)(d), the trial court then set forth its justification for making this finding.
 {¶ 11} We acknowledge, as the trial court did that sometimes, as here, the facts do not correspond to the technical elements of a lesser charge to which a defendant has pleaded. Under these circumstances, as in any case, a court may consider the dismissed charges.[1] See, State v. Wiles (1991),59 Ohio St.3d 71, 78 (holding a sentencing judge may consider facts introduced at trial relating to other charges). However, to satisfy the R.C. 2929.14(C) "worst form of the offense" analytic, a court must align its findings with the facts of the particular case. The trial court did eventually make findings justifying its imposition of the maximum sentence which had nothing to do with its beliefs regarding appellant's actual guilt on the indicted murder charge or its position that murder is the worst form of the offense of manslaughter. The court stated:
 {¶ 12} "I can also give [other] reasons for the worst form of the offense, such as the violent and brutal way in which you and your co-defendants caused Mr. Beres' death. You were part of a drug-dealing organization enforcing your territory and your business. Your actions contributed to the proliferation of the drug-induced, violence-ridden low quality of life in that certain set of neighborhoods in the City of Painesville."
 {¶ 13} Such was sufficient to meet the mandates of R.C.2929.14(C) and R.C. 2929.19(B)(2)(d). While we believe the court erred in referencing its belief that appellant was guilty of murder and subsequently finding murder the worst form of voluntary manslaughter, we hold these errors harmless. That is, the court supported its conclusion that the instant offense was the "worst form of the offense" with reasons derived from the facts of the case. These facts were separate and independent of its belief that appellant was guilty of murder and, taken by themselves, were adequate to meet the statutory requirements. Furthermore, at the re-sentencing, the trial court specifically referenced appellant's testimony from the previous cases in which his co-defendant's were tried and the state moved to have these transcripts admitted. These facts clearly outlined appellant's role and participation in felony murder. Appellant's first assignment of error is without merit.
 {¶ 14} In his second assignment of error, appellant challenges the constitutionality of R.C. 2929.14(C), the statutory provision governing the court's authority to impose the "longest possible prison term authorized" under Ohio's felony sentencing laws. Appellant contends the statutory findings required to impose the maximum sentence violate the United States Supreme Court's decision in Blakely v. Washington (2004),124 S.Ct. 2531. In appellant's view, the factors set forth in R.C.2929.14(C) allow a court to impermissibly swell a defendant's punishment beyond that authorized by statute by relying upon facts neither stipulated by defense counsel nor found by a jury.
 {¶ 15} In Blakely, the United States Supreme Court held a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant nor found by the jury. The statutory maximum, for purposes of this inquiry, is "the maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant." Id. at 2537. (Emphasis sic.)
 {¶ 16} As set forth supra, R.C. 2929.14(C) permits a trial court to impose the maximum sentence for a felony where it finds one of the following: (1) the offender committed the worst form of the offense, (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a major drug offender as set forth in the statute, and (4) the offender is a repeat violent offender as set forth in the statute. In the instant matter, the court "found" appellant committed the worst form of the offense and posed the greatest likelihood of recidivism. While appellant's trial counsel neither stipulated to these findings nor were they found by a jury, we have previously held R.C. 2929.14(C) does not violate Blakely. See State v.Fatica, 11th Dist. No. 2004-L-078, 2005-Ohio-4209, ¶ 38; Statev. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412, ¶¶ 56-60;Langlois, supra at ¶ 32-40.
 {¶ 17} In each of the foregoing cases, this court has heldBlakely does not eliminate judicial discretion in sentencing. Rather, the holding in Blakely serves to underscore the long recognized principle of Sixth Amendment jurisprudence that judicial discretion may be exercised precisely to the extent it does not infringe upon the jury's traditional role of finding the facts necessary to lawful imposition of a penalty. Langlois,
supra, at ¶ 36. Because a defendant has never enjoyed a right to jury sentencing, judicial fact-finding in the course of selecting a sentence within a scaled range does not implicate theSixth Amendment. Id; Murphy, supra, at ¶ 56. By implication, where a statute allows for the imposition of a graded scale of punishments and simply permits a judge, after consideration of aggravating factors, to inflict a punishment of a lighter or heavier grade, the offender's rights are not compromised. Id. at ¶ 58; see also, Harris v. United States (2002), 536 U.S. 545,561-562. R.C. 2929.14(C) fits squarely within this description: The statue sets forth several "aggravating circumstances" which merely act as a trigger for the imposition of the statutory maximum. Under no circumstances, however, could these aggravating factors swell the penalty above that provided by law. For these reasons, appellant's second assignment of error is overruled.
 {¶ 18} For the foregoing reasons, appellant's two assignments of error are overruled and the judgment of the Lake County Court of Common Pleas is hereby affirmed.
Grendell, J., concurs,
Ford, P.J., dissents with Dissenting Opinion.
[1] The trial court, as well as the state, evidently took our holding in Fisher I to mean that a sentencing court may not consider dismissed charges when sentencing a defendant. On the contrary, our holding in Fisher I neither states nor implies that a court is precluded from considering dismissed charges when sentencing a defendant. In fact, we explicitly indicated a court is free to consider such matters because "a court's consideration of past dismissed charges does not necessarily imply the court relied upon those past charges in announcing its sentence." Id. at ¶ 24.