OPINION
{¶ 1} Appellant, Willie Allen, Jr., appeals from judgment entries of the Trumbull County Court of Common Pleas, convicting him of aggravated burglary; felonious assault; having a weapon under disability; and improperly discharging a firearm into a habitation, and sentencing him to an aggregate prison term of twelve years. For the reasons that follow, we affirm in part, reverse in part, and remand this matter.
 {¶ 2} The Trumbull County Grand Jury indicted appellant on the following counts: (1) aggravated burglary, a first degree felony with a gun specification; (2) felonious assault, a second degree felony with a gun specification; (3) having a weapon under a disability, a fifth degree felony with a gun specification; and (4) improperly discharging a firearm into a habitation, a second degree felony. Appellant pleaded not guilty to the foregoing charges, and this matter proceeded to a jury trial.
 {¶ 3} The following facts were revealed during trial. On October 17, 2004, Jerry Hughley ("Hughley") and his friend, Kevin Daniels ("Daniels"), planned to move Hughley's belongings to his new residence located in the city of Warren, Trumbull County, Ohio. That morning, at approximately 11:00 a.m., Hughley smoked marijuana. Around 4:00 p.m., Hughley and Daniels began to transport Hughley's belongings to the new residence.
 {¶ 4} Zeboney Owens ("Owens"), Hughley's friend and the mother of his two children, arrived at the new residence sometime between 6:00 p.m. and 7:00 p.m., with one of their children. Hughley testified that at some point during the afternoon he drank a twenty-four ounce can of beer.
 {¶ 5} At approximately 2:30 a.m., on October 18, 2004, Hughley and Owens were inside the new residence. Hughley was in the living room occupying himself with his cell phone, while Owens was in the bedroom bottle feeding their child. Owens testified that as she was feeding her child, gunfire suddenly resonated near the front door and the front door was shot open. She proceeded to run, while carrying her child, to the bathroom, which was facing the front door. Owens testified that as she ran toward the bathroom, she was able to clearly see appellant standing in the front door with a gun.
 {¶ 6} Hughley testified that when he heard the gunshots, he immediately ran from the living room and proceeded down to the basement. However, once Hughley determined that Owens and his child were in the bathroom, he proceeded back up the stairs to protect them. As he reached the top of the stairs, Hughley stated that he could clearly see appellant in the front door. He then quickly entered the bathroom with Owens and his child, shutting the door behind him.
 {¶ 7} Appellant allegedly repeatedly fired the gun in the residence and fled. As a result of this gun fire, Hughley lost two fingers and was permanently blinded in one eye. The police provided Hughley and Owens with separate photographic arrays for identification of the gunman. Both Hughley and Owens independently identified appellant as the gunman.
 {¶ 8} Hughley and Owens testified that they recognized appellant from previous encounters. In particular, Hughley testified as to a physical confrontation with appellant, during which appellant physically beat him. Owens also testified that during a verbal confrontation, appellant threatened to shoot her and Hughley.
 {¶ 9} Following trial, the jury returned a unanimous guilty verdict on all counts. The trial court proceeded to enter judgment accordingly, thereby convicting appellant on all counts. Subsequently, the court held a hearing and issued a judgment entry sentencing appellant to an aggregate prison term of twelve years. On the counts of aggravated burglary, felonious assault, and improperly discharging a weapon into a habitation, the court sentenced appellant to prison terms of eight years on each count, with the prison terms to run concurrently. The court then sentenced appellant to a twelve-month prison term on the count of having a weapon under disability and a collective three-year prison term on the three gun specifications. The twelve-month prison term and three-year prison term were to run consecutively to each other and consecutively to the eight-year prison term.
 {¶ 10} From this judgment, appellant filed a timely appeal and now sets forth the following three assignments of error for our review:
 {¶ 11} "[1.] The trial court's imposition of consecutives sentence upon appellant is contrary to law.
 {¶ 12} "[2.] The trial court's imposition of maximum and consecutive sentences upon appellant based upon findings not made by a jury nor admitted by appellant is contrary to law and violates appellant's right to a jury trial and due process, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
 {¶ 13} "[3.] The appellant's convictions are against the manifest weight of the evidence."
 {¶ 14} For purposes of clarity, we will discuss appellant's assignments of error out of order. Under his third assignment of error, appellant contends that his convictions were against the manifest weight of the evidence. Appellant suggests that the eye-witness testimony of Owens and Hughley was not credible and, therefore, the jury improperly relied upon such testimony to find him guilty on all counts.
 {¶ 15} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983),20 Ohio App.3d 172, 175. See, also, State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 16} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins
at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph two of the syllabus.
 {¶ 17} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact."State v. Awan (1986), 22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 WL 286594, at 3. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id.
 {¶ 18} In the instant case, the jury's determination of appellant's guilt was clearly based upon the eye-witness testimony of Owens and Hughley. Appellant's manifest weight argument attacks the credibility of their eye-witness testimony. But the basis of appellant's credibility attacks is grounded upon minor discrepancies unrelated to the pertinent testimony and evidence which resulted in the identification of appellant as the perpetrator. Appellant cites to various minor inconsistencies with respect to Owens's and Hughley's whereabouts on the day prior to the offenses. He contends that these inconsistencies establish that their testimony could not be relied upon to sustain his convictions.
 {¶ 19} Our thorough examination of the record demonstrates that appellant's convictions were not against the manifest weight of the evidence. The record reveals minor time discrepancies regarding Owens's and Hughley's actions prior to the shooting. Many of these de minimus inconsistencies were merely the result of approximations made by the witnesses. However, nothing in the record suggests that their eye-witness testimony as to the offenses that occurred on October 18, 2004, or their identification of appellant as the perpetrator was incredible, unbelievable, or absurd.
 {¶ 20} Both Owens and Hughley testified that the area near the front door where they saw appellant was well lit and they provided an identical description of what appellant was wearing. Their testimony also revealed that appellant was not wearing a mask and that they were able to clearly see appellant's face. The record further establishes that Owens and Hughley each provided a separate and independent identification of appellant as the perpetrator. Absent is any evidence that their identification was the result of collusion, or an improperly suggestive photo array.
 {¶ 21} In addition, the minor discrepancies appellant relies upon were properly before the jury. As a result, the jury was in a better position to assign credibility to the testimony and evidence presented, in light of these minor discrepancies, and we will not substitute our judgment for that of the trier of fact. There is no evidence that the testimony of Owens and Hughley was incredible, absurd, or unbelievable. Thus, the jury was free to believe all, part, or none of the evidence and testimony presented. Appellant's third assignment of error is without merit.
 {¶ 22} Under his second assignment of error, appellant contends that the trial court's imposition of non-minimum and consecutive sentences violated his constitutional rights to a jury trial and due process, per Blakely v. Washington (2004),124 S.Ct. 2531. Despite this contention, appellant concedes that the well-established precedent of this court has determined that the holding of Blakely is inapplicable to non-minimum and consecutive sentences. Thus, appellant presents this argument merely to preserve this issue for appeal to the Ohio Supreme Court.
 {¶ 23} Appellant correctly notes this court has previously held that Blakely is inapplicable to Ohio's felony sentencing statutes with respect to non-minimum and consecutive sentences. See, e.g., State v. Rupert, 11th Dist. No. 2003-L-154,2005-Ohio-1098; State v. Semala, 11th Dist. No. 2003-L-128,2005-Ohio-2653; State v. Langlois, 11th Dist. No. 2003-A-0080,2005-Ohio-2795. Based upon this well-established precedent, appellant's second assignment of error is without merit.
 {¶ 24} Under his first assignment of error, appellant argues that the trial court's imposition of consecutive sentences was improper because the court failed to provide all the statutory findings under R.C. 2929.14(E)(4). Specifically, he argues that the court failed to find that consecutive sentences were necessary to protect the public from future crime, or that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. He further maintains that the court failed to find that no single prison term for any of the offenses committed adequately reflects the seriousness of the offender's conduct.
 {¶ 25} Under R.C. 2953.08, our review of a felony sentence is de novo. State v. Raphael (Mar. 24, 2000), 11th Dist. No. 98-L-262, 2000 WL 306776, at 2. However, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law.State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at 4. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Thomas
at 4.
 {¶ 26} When imposing consecutive sentences, the trial court must first determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Next, the trial court must find that one of the following factors listed in R.C. 2929.14(E)(4) is also present: (a) that the offender was awaiting trial or sentencing or was under community control sanctions; (b) that the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct; or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. State v.Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 4.
 {¶ 27} The court must also follow the requirements set forth in R.C. 2929.19(B) when sentencing an offender to consecutive sentences under R.C. 2929.14. Specifically, R.C. 2929.19(B)(2)(c) requires that the trial court justify its imposition of consecutive sentences by making findings that gives the court's reasons for selecting that particular sentence.
 {¶ 28} In the past, this court has held that the findings mandated by R.C. 2929.14 "must appear somewhere on the record of sentence, either in the judgment or in the transcript of the sentencing hearing." (Emphasis added.) State v. Rone (Dec. 4, 1998), 11th Dist. No. 98-A-0001, 1998 Ohio App. LEXIS 5813, at 6. See, also, State v. Hoskins (Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 Ohio App. LEXIS 1232. But the Ohio Supreme Court has held that when ordering a defendant to serve consecutive sentences, the trial court must make its statutorily required findings at the sentencing hearing. Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraphs one and two of the syllabus.
 {¶ 29} Here, the trial court failed to make the requisite findings under R.C. 2929.14(E)(4) during the sentencing hearing. Specifically, when imposing the consecutive sentence, the court stated as follows:
 {¶ 30} "[G]iven the background that was involved, the harm that was caused which was great and unusual, and your criminal history, that consecutive sentences would be appropriate."
 {¶ 31} Here the record fails to establish that the court provided all of the requisite findings of R.C. 2929.14(E)(4) during the sentencing hearing. Appellee argues that the findings necessary to issue a consecutive sentence are inherent within the findings made by the court as part of its imposition of a non-minimum prison term. Our examination of the sentencing hearing transcript reveals that the minimal findings of the trial court as to its imposition of a non-minimum prison term did not satisfy the required findings for a consecutive sentence. Thus, the court failed to adhere to Comer.
 {¶ 32} Moreover, appellant's failure to object did not waive the issue of the court's compliance. R.C. 2953.08(G)(1) provides:
 {¶ 33} "If the sentencing court was required to make the findings required by * * * division (E)(4) of section 2929.14, * * * relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand thecase to the sentencing court and instruct the sentencing court to state, on the record, the required findings." (Emphasis added.)
 {¶ 34} The statute creates a duty on this court, requiring
remand anytime the court fails to provide the requisite statutory sentencing findings, regardless of the absence of an objection. Thus, appellant's argument with respect to the trial court's failure to provide the requisite findings of R.C. 2929.14(E)(4) was not waived by his failure to object. Appellant's first assignment of error is with merit.
 {¶ 35} Appellant's second and third assignments of error are without merit. As such, we hereby affirm appellant's convictions. However, appellant's first assignment of error is with merit. Thus, we hereby vacate appellant's sentence, and this matter is remanded for resentencing.
O'Neill, J., concurs in judgment only.
Grendell, J., concurs in judgment only.